914 F.2d 248
 RICO Bus.Disp.Guide 7528
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas A. NORRIS, Plaintiff-Appellant,
and
Heritage Development Corporation, Plaintiff,
v.
Thomas NORRIS, Deborah Ann Norris, Thomas R. Fowler, Thomas
E. Norris, Defendants-Appellees,
and
Katherine W. Fowler, Terence O. Burch, Professional Property
Development, Inc., Richard Bertrum McEntee, Defendants.
 No. 88-1164.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1990.
Decided Aug. 9, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-88-2516-S)
 John R. Garza, Garza & Regan, P.A., Rockville, Maryland, for appellant.
 Barton D. Moorstein, Blank & Moorstein, Rockville, Maryland, for appellees.
 D.Md.
 REMANDED WITH INSTRUCTIONS.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves a claim for damages under the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. Secs. 1961, et seq., by Thomas A. Norris and Heritage Development Corporation, against seven individuals and Professional Property Development, Inc. Defendants Thomas Norris, Thomas R. Fowler, and Thomas E. Norris filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The district court held that plaintiffs' complaint did not state a claim under RICO because it did not allege a pattern of racketeering activity. The court granted defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6).
 
 
 2
 We remand with directions.
 
 I.
 
 3
 Plaintiff Thomas A. Norris (T.A.N.) is a former minority shareholder and officer of Party Time Discount Beer and Wine, Inc. (Party Time), and is currently the sole owner of plaintiff Heritage Development Corporation (Heritage), a Maryland corporation. Defendants Thomas Norris (T.N.), Thomas R. Fowler, and Thomas E. Norris (T.E.N.) were officers, directors, and/or shareholders of Party Time.* During 1986 and 1987, Party Time operated a liquor store in Wheaton, Maryland.
 
 
 4
 In April of 1987, T.A.N. allegedly discovered that defendant T.N. was allowing the unlawful consumption of alcohol on Party Time's store premises, and was using the shop for the sale and distribution of illegal drugs. Subsequently, the relationship between T.A.N. and the other officers and shareholders of Party Time began to deteriorate, and defendants are said to have sought to take control of Party Time.
 
 
 5
 Plaintiffs filed suit in United States District Court for the District of Maryland alleging a cause of action under RICO and raising various state law claims. They contended that defendants conspired to secure control of Party Time and to defraud T.A.N. of his reasonable pecuniary expectations as a shareholder of the company. Plaintiffs also alleged that defendants entered into a scheme to ruin T.A.N.'s business reputation and prevent him from collecting unemployment insurance. Defendants are said to have used the mail and wires to misrepresent to Party Time's bank and to the Maryland Department of Unemployment and Training that T.A.N. had embezzled funds from the Party Time account and had been fired for gross misconduct.
 
 
 6
 Plaintiffs further claimed that T.N., acting in his own behalf and as an agent of the other defendants, colluded with two ex-employees of Party Time in attempting to murder T.A.N. and his wife by discharging firearms into their residence. Defendants' alleged motive was to gain control of Party Time and to obtain the benefit of a corporate life insurance policy on T.A.N.'s life. The day after the murder attempt, T.N. allegedly telephoned T.A.N. and threatened to harm him if he failed to surrender certain books, records, and furniture of Party Time. T.N. was also alleged to have threatened harm to a potential witness if she testified for T.A.N. in court. Plaintiffs contended that T.N. is the primary suspect in the attempted murder and that he obstructed the police investigation by implicating another individual as the perpetrator.
 
 
 7
 In addition, plaintiffs alleged that defendants T.N. and Fowler caused Party Time to file for bankruptcy, and committed bankruptcy fraud by making false representations to the United States Bankruptcy Court about certain of Party Time's assets and liabilities.
 
 
 8
 Finally, plaintiffs contended that defendants conspired to gain control of Heritage by falsely representing to the company's bank and various third parties that T.N. and Fowler owned all or a majority of Heritage stock. Because of these misrepresentations, the bank refused to disburse development funds to Heritage, forcing the company to file for bankruptcy.
 
 
 9
 The district court dismissed the RICO counts under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and the court declined to retain jurisdiction over the pendent claims. Plaintiffs now appeal.
 
 II.
 
 10
 The district court held that plaintiffs have not alleged a "pattern of racketeering activity," an essential element of any claim under RICO. See 18 U.S.C. Secs. 1961(5) & 1962; H.J. Inc. v. Northwestern Bell Tel., 109 S.Ct. 2893, 2899-2900 (1989). The court reasoned that the dispute involved a simple fight for corporate control among stockholders. We agree that plaintiffs' fraud allegations reveal no more than an ordinary business dispute. See Menasco, Inc. v. Wasserman, 886 F.2d 681, 685 (4th Cir.1989); Int'l Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 155 (4th Cir.1987). However, we find that the totality of plaintiffs' allegations, if true, could state a claim that goes beyond garden variety commercial fraud. Plaintiffs have alleged non-fraudulent predicate acts including attempted murder, criminal threats of violence, narcotics trafficking, obstruction of justice, and obstruction of a criminal investigation, see 18 U.S.C. Sec. 1961(1), some of which may involve a threat of continuing activity. See H.J., Inc., 109 S.Ct. at 2902. If plaintiffs are able to prove the claimed acts, Conley v. Gibson, 355 U.S. 41, 45-46 (1957), there may be a "pattern of racketeering activity." See H.J., Inc., 109 S.Ct. at 2900-02. Accordingly, plaintiffs' complaint is sufficient to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).
 
 
 11
 We express no view, however, as to whether this case can ultimately go to trial on the RICO claims. If plaintiffs' allegations are found to be insupportable, the case may yet be dismissed on summary judgment. We hold only that the dismissal under Fed.R.Civ.P. 12(b)(6) is premature.
 
 
 12
 Accordingly, we remand the case for proceedings consistent with this opinion.
 
 
 13
 REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The Norris plaintiff is apparently unrelated to the two Norris defendants